## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| G.A.M.E. APPAREL, LLC,<br>      *Plaintiff*, *Defendant on Counterclaim*<br><br>vs.<br><br>ANTHONY S. PRISCO, *Defendant*<br>DINA JOHANNEMAN, *Defendant*<br>MATRIX SALES GROUP  LLC,<br>      *Defendant, Counterclaimant*<br>JOHN DOE 1-10, *Defendant*,  and<br>XYZ CORP. 1-10, *Defendant*,<br><br>vs,<br><br>JOHN M. WORTLEY,<br>KIMBERLEY A. NELSON,<br>PHILIP DANGEL,<br>BRETT  E. GROSSMANN,<br>CHRISTOPHER RAIMO,<br>and CHRISTOPHER  BENNETT,<br>      *Defendants on Counterclaim* | Civil Action<br><br><br>Docket No.    3:12-cv-01339 |

**ANSWER of Defendants Anthony S. Prisco, Dina Johannemann, Matrix Sales Group LLC,  and COUNTERCLAIM of Defendant Matrix Sales Group LLC against Plaintiff, John M. Wortley, Kimberley A. Nelson, Philip Dangel, Brett E. Grossmann, and Christopher W. Bennett**

Defendants  Anthony  S.  Prisco,  Dina  Johannemann  (which  is  incorrectly

spelled "Johanneman" in the Caption and the Complaint), and Matrix Sales Group

1

LLC (hereinafter "Defendants"), by way of Answer to the Complaint of Plaintiff G.A.M.E. Apparel, LLC, allege and say:

## The Parties

1.   Defendants admit the allegations of the first sentence of ¶1 of the Complaint.   Defendants admit that Plaintiff is in the business of producing apparel for retail customers to be sold in department stores as alleged in the second sentence of  ¶1 of the Complaint.  Defendants understand the term "sourcing" to be a purely internal operation of Plaintiff, not a service performed for others. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the second sentence of ¶1 of the Complaint.

2.  Defendants admit the allegations of ¶2 of the Complaint.

3.  Defendants  deny  that  Defendant  Anthony  S.  Prisco  is  the  "self-proclaimed" CEO of  Defendant Matrix Sales Group LLC, but admit that he runs the business of Defendant Matrix Sales Group LLC, and admit the remaining allegations of ¶3 of the Complaint.

4.  Defendants admit the allegations of ¶4 of the Complaint, but note that the actual spelling of Dina Johannemann's surname is "Johnannemann".

5. Defendants are without knowledge or information sufficient to form a belief as to the existence of any persons or entities unknown to Plaintiff that have

caused Plaintiff any harm, and therefore deny the allegations of ¶5 of the Complaint.

## Jurisdiction and Venue

6 - 9.  The Answering Defendants admit the allegations set forth in ¶¶6 to 9 the Complaint.

### In response to allegations grouped under the heading "Factual Background – The Demise of G.I. Apparel, Inc." [sic: GI Apparel, Inc.]

10.  Defendants deny the implication in the first sentence of ¶ 10 of the Complaint that the location of GI Apparel, Inc. has continuously been at 2211 Allenwood Rd. in Wall, New Jersey, but otherwise admit the allegations of the first sentence of ¶10 of the Complaint.  By way of clarification, Defendants state that from 1993 to 2003, GI Apparel, Inc. operated in Lakewood, N.J., then Farmingdale, N.J., moving to Wall, N.J.  in late 2003.  Defendants admit that GI Apparel, Inc. operated from 1993 and closed in March 2008.  Defendants understand the term "sourcing" to be a purely internal operation of GI Apparel, Inc., not a service performed for others.  Defendants otherwise admit the remaining allegations of the second sentence of  ¶10 of the Complaint.  Defendants admit the allegations of the third and fourth sentences of  ¶10 of the Complaint

11.  Defendants admit the allegations of ¶11 of the Complaint.

12.  Defendants admit the allegations of the first sentence of ¶12 of the Complaint.  Defendants admit that GI Apparel, Inc. owed substantial debts to CIT,

3

DMG, and New Buffalo, but do not admit the specific amounts stated in the second sentence of ¶12 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the second sentence of ¶12 of the Complaint. Defendants admit the allegations of the first clause of the third sentence of ¶12 of the Complaint, and do not exactly understand the second clause of that sentence and hence deny the allegation of said clause. Defendants do not understand and hence deny the allegations in the fourth sentence of paragraph ¶12 of the Complaint.

13. Defendants admit that sometime in March 2008 all employees of GI Apparel, Inc. were notified that GI Apparel, Inc. was closing down due to CIT pulling all financing and leaving the company with insufficient working capital to continue its business, and that employees were not paid for approximately two weeks work prior to the closing down of GI Apparel, Inc., and that these employees included Kim Nelson, John Wortley, and Phil Dangel. Defendants deny the remaining allegations of ¶13 of the Complaint.

**In response to allegations under the heading "The Start-Up of G.A.M.E."**

14. Defendants admit that John Wortley, Kim Nelson, and Phil Dangel are personally involved in managerial positions of Plaintiff, and that Plaintiff hired at least four graphic designers when it was formed. Defendants deny that the duties of the graphic designers involved, to any meaningful extent, designing custom

4

works of art from public domain resources, but rather assert that the designers engaged in substantial copying of GI Apparel, Inc. artwork.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶14 of the Complaint.

15.  Defendants admit that CIT gave permission to DMG to sell off a limited amount of inventory that had already been printed for GIA.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶15 of the Complaint.

16. Defendants admit that Plaintiff has developed client relationships with Sears Holdings and Tractor Supply.  Defendants admit that Exh.1 to the Complaint contains an incomplete draft of an agreement with Sears (unsigned by Sears, undated, and missing pages 4-6), a draft of an agreement with Tractor Supply (unsigned by Tractor Supply, and undated) , and two redacted pages dated long after the formation of Plaintiff and referring to a "New Buffalo Central America" bearing no indicia suggesting that it is an agreement.  Defendants deny all allegations of  ¶16 of the Complaint not specifically admitted herein.

**In response to allegations headed "The Start-Up of Matrix Sales Group"**

17.  Defendants admit that Defendant Matrix is owned by Defendant Dina Johannemann, that she is the wife of Defendant Anthony S. Prisco, and that

5

Defendant Anthony S. Prisco manages Defendant Matrix.  Defendants deny the remaining allegations of ¶17 of the Complaint.

18. Defendants admit the allegations of the first sentence of ¶18 of the Complaint, and admit the authenticity of Exhibit 2 to the Complaint.  Defendants admit that Defendant Anthony S. Prisco signed it, and deny that he is described therein as "managing member" of GI Apparel, Inc.

19. Defendants admit that the document referred to in ¶19 of the Complaint as Exhibit 3 is authentic.  Defendants deny that it shows a purchase price of $10, and point out that it shows a purchase price of  $100,000.   Defendants admit the allegations of the second sentence of  ¶19 of the Complaint.  Defendants admit that at the time of the transactions referred to in ¶19 of the Complaint Jeffrey Miller was a member of Defendant, but note that he no longer is.    Defendants admit that at the time frame of the signing of the documents referred to in ¶19 of the Complaint  Anthony S. Prisco was the CEO of GI Apparel, Inc.    Defendants deny the remaining allegations of ¶19 of the Complaint.

20 - 21. Defendants admit the allegations of ¶¶20-21 of the Complaint.

22. Defendants deny the allegations of ¶22 of the Complaint regarding registrations to the extent it is referring to the time of the filing of the Complaint, but admit the allegations if they are read as referring to the time of the close of GI Apparel, Inc.  Defendants admit that the works of art referred to do not/did not bear

a notice, although Defendants note that original works seldom do since no notice on original works has ever been required.  To the extent the allegation is meant to state that copies distributed bore no notice, Defendants admit that most did not bear a notice, but note that none were required to since no copies were distributed (or were in existence) at the time when copyright notices were required.

**In response to Allegations headed "Matrix's Assertion of Infringement against G.A.M.E. Customers and Suppliers"**

23. Defendants admit that Defendant Matrix, through Defendant Prisco, sent a letter to Tractor Supply on November 18, 2011, that Exh. 5 to the Complaint is an accurate copy of the letter (but is missing many attachments), and that the Defendant Matrix stated that which is stated in Exh. 5.  Defendants deny the remaining allegations of ¶23 of the Complaint.

24. Defendants admit that Defendant Matrix, through Defendant Prisco, sent a letter to New Buffalo on November 22, 2011, that Exh. 6 to the Complaint is an accurate copy of the letter (but is missing  attachments), and that Defendant Matrix stated what is stated in Exh. 6.  Defendants deny the remaining allegations of ¶24 of the Complaint.

25.  Defendants admit that Defendant Matrix stated what is stated in Exh. 7 to the Complaint, and deny the allegations of ¶25 of the Complaint to the extent that they vary from the statements in Exh. 7 to the Complaint.

26. Defendants admit that Plaintiff filed the complaint shown in Exh. 8 to the present Complaint in the Superior Court on January 12, 2012, and deny the allegations of ¶26 of the present Complaint to the extent that they inaccurately describe the state court complaint (e.g., by noting that two suppliers/ vendors were "specifically" involved when four were specifically mentioned in said complaint.)

27.  Defendants admit that on January 12, 2012, Defendant Matrix registered the work specified in ¶27 of the Complaint, and has later applied to register others, but more than the additional 21 mentioned in ¶27 of the Complaint, and state that Defendant Matrix is continuing to register others.

28. Defendants admit the allegations of ¶28 of the Complaint.

**In response to Allegations headed "Defendant's Alleged Infringed Designs"**

29. Defendants deny the allegations of ¶29 of the Complaint.

30 - 31. Defendants admit the allegations of ¶30 - 31 of the Complaint.

32 - 34. Defendants deny the allegations of ¶32 - 34 of the Complaint.

**In response to Allegations headed "First Claim for Relief"**

35.   Defendants hereby incorporate each and every response to the allegations of ¶1 - 34 of the Complaint as if fully set forth herein.

36.  Defendants admit the allegations of ¶36 of the Complaint.

37. Defendants admit that Defendant Matrix caused registration of the design specified in ¶37 of the Complaint, and has later applied to register others,

but more than those referred to in ¶37 of the Complaint, and state that Defendant Matrix is continuing to register others.

38.   Defendants admit that Defendant Matrix sent Tractor Supply the letter referenced in ¶38 of the Complaint as Exhibit 5, along with attachments not shown, and admit that Defendant Matrix made the statements set forth in said letter and omitted anything not stated and/or not annexed thereto.   Defendants deny the remaining allegations set forth in ¶38 of the Complaint.

39. Defendants admit that Defendant Matrix sent New Buffalo Shirt Factory the letter referenced in ¶39 of the Complaint as Exhibit 6 along with attachments not shown, and admit that Defendant Matrix made the statements set forth in said letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶39 of the Complaint.

40.   Defendants deny that Defendant Matrix's claim of copyright infringement is without merit, but admit that Plaintiff contends that claim is without merit as strictly stated in ¶40 of the Complaint.

41. Defendants deny the allegations of ¶41 of the Complaint.

42. Defendants admit the allegations of  ¶42 of the Complaint, and note that Defendant Matrix has never claimed authorship of any of the designs in question, only ownership through assignment from the author.

43. Defendants deny the allegations of ¶43 of the Complaint as strictly stated. However, Defendants admit that whatever relative burdens would fall upon the party asserting copyright infringement and the party defending against such assertion are fixed in law and are not altered by virtue of the latter-described party bringing a declaratory judgment action.

44. Defendants admit the allegations of ¶44 of the Complaint.

45. Defendants deny the allegations of ¶45 of the Complaint.

46. Defendants admit the allegations of ¶46 of the Complaint.

47. Defendants admit that this suit is ripe for adjudication, but deny that it would be useful in the related suit that Plaintiff mentions in ¶47 of the Complaint. The related suit would likely be adjudicated much earlier than the present suit in that it is procedurally ahead of the present suit, will involve fewer parties, and involves fewer copyrights. It would be more likely that adjudication of the related suit would be useful in reducing the burdens of the present suit.

**In response to Allegations headed "Second Claim for Relief"**

**A. "Tortuous [sic: tortious] Interference by Matrix of Sears."**

48. Defendants admit that Defendant Matrix sent Sears the letter referenced in ¶48 of the Complaint as Exhibit 11 to the Complaint along with attachments not mentioned in ¶48 of the Complaint and not shown Exh.11 to the Complaint. Defendants admit that Defendant Matrix made the statements set forth in said letter

10

and omitted anything not stated in the letter.   Defendants deny the remaining allegations set forth in ¶48 of the Complaint.

49. Defendants admit the allegations of ¶49 of the Complaint.

50.   Defendants admit that on December 8, 2011 Defendant Matrix sent Sears the letter referenced in ¶50 of the Complaint as Exhibit 13 to the Complaint. Defendants admit that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.   Defendants deny the remaining allegations set forth in ¶50 of the Complaint.

51.   Defendants admit that on December 29, 2011 Defendant Matrix sent Sears the letter referenced in ¶51 of the Complaint as Exhibit 14 to the Complaint. Defendants admit that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.   Defendants deny the remaining allegations set forth in ¶51 of the Complaint.

### B. "Tortuous [sic: tortious] Interference by Matrix of Tractor Supply"

52.   Defendants admit that on November 18, 2011 Defendant Matrix sent Tractor Supply the letter referenced in ¶52 of the Complaint as Exhibit 5 to the Complaint,  along with attachments not mentioned in ¶52 of the Complaint and not shown Exhibit 5 to the Complaint.   Defendants admit that Matrix made the statements set forth therein and omitted anything not stated in the letter. Defendants deny the remaining allegations set forth in ¶52 of the Complaint.

11

53.   Defendants admit that on December 14, 2011 Tractor Supply sent Matrix the letter referenced in ¶53 of the Complaint as Exhibit 15 to the Complaint, but deny that it goes so far as "tendering the defense."  Defendants are without knowledge of information sufficient to form a belief as to the allegations of the second sentence ¶53 of the Complaint and thus provisionally deny same.

54.   Defendants admit that on December 19, 2011 Defendant Matrix sent Tractor Supply the letter referenced in ¶54 of the Complaint and shown Exhibit 16 to the Complaint.  Defendants admit that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto. Defendants deny the remaining allegations set forth in ¶54 of the Complaint.

55.   Defendants admit that on January 3, 2012 Defendant Matrix sent Tractor Supply the letter referenced in ¶55 of the Complaint along with attachments mentioned in ¶55 of the Complaint.  Defendants admit that Defendant Matrix made the statements set forth therein and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶55 of the Complaint.

56.   Defendants admit that on January 5, 2012 Defendant Matrix sent Tractor Supply the letter referenced in ¶56 of the Complaint as Exhibit 17 of the Complaint, along with attachments mentioned in ¶56 of the Complaint. Defendants admit that Defendant Matrix made the statements set forth in the letter

and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶56 of the Complaint.

57. Defendants admit that on January 9, 2012 Defendant Matrix sent Tractor Supply the letter referenced in ¶57 of the Complaint as Exhibit 19 to the Complaint.  Defendants admit that Defendant Matrix made the statements set forth therein and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶57 of the Complaint.

### C. "Tortuous [sic: tortious] Interference by Matrix of DMG"

58. Defendants admit that on December 8, 2011 Defendant Matrix sent Morty Klein the letter referenced in ¶58 of the Complaint as Exhibit 20 to the Complaint.  Defendants deny that the letter was sent to him in any capacity relating to his involvement with the company Plaintiff refers to as DMG, but rather as a person believed by Defendant Matrix to control some interests in Plaintiff. Defendants admit the second sentence of ¶58 of the Complaint.   Defendants admit that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶58 of the Complaint.

59. Defendants admit that on December 8, 2011 Defendant Matrix sent Morty Klein the letter referenced in ¶59 of the Complaint as Exhibit 21 to the Complaint, and that Defendant Matrix made the statements set forth in the letter

and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶59 of the Complaint.

60. Defendants admit that on December 29, 2011 Defendant Matrix, through Defendant Prisco, left a voice mail for Morty Klein after Matrix had not received a communication that Mr. Klein had told Mr. Prisco to expect several days earlier. Defendant admits that on December 29, 2011 Defendant Matrix sent the letter referenced in ¶60 of the Complaint as Exhibit 22 to the Complaint, and that Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶60 of the Complaint.

61. Defendants admit that on January 11, 2012 Defendant Matrix sent the letter referenced in ¶61 of the Complaint as Exhibit 23 to the Complaint,  and that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶61 of the Complaint.

62. Defendants admit that Matrix sent Mr. Klein two emails, one of which is vaguely referred to in  ¶62 of the Complaint and partially reproduced in Exhibit 24 of the Complaint.  Defendants deny the remaining allegations set forth in ¶62 of the Complaint.

### D. "Tortuous [sic: tortious] Interference by Matrix of New Buffalo"

63. Defendants admit that on November 22, 2011 Defendant Matrix sent the owner/operator of New Buffalo the letter referenced in ¶64 of the Complaint as Exhibit 6 to the Complaint, and that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto. Defendants deny the remaining allegations set forth in ¶63 of the Complaint.

64. Defendants do not understand how an email is sent in a telephone conversation as alleged in ¶63 of the Complaint and therefore deny the allegation as strictly stated.  Defendants admit that on November 30, 2011 Defendant Matrix sent the email reference in  ¶64 of the Complaint as Exhibit 25 to the Complaint, and that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶64 of the Complaint.

65.  Defendants admit that on December 14, 2011 Defendant Matrix sent to New Buffalo the letter referenced in ¶65 of the Complaint as Exhibit 26 to the Complaint, and that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶65 of the Complaint.

66.  Defendants admit that on December 29, 2011 Defendant Matrix sent to New Buffalo the letter referenced in ¶66 of the Complaint as Exhibit 27 to the

Complaint, and that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶66 of the Complaint.

67.  Defendants admit that on January 5, 2012 Defendant Matrix sent to New Buffalo the letter referenced in ¶66 of the Complaint as Exhibit 7 to the Complaint, and that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶67 of the Complaint.

**Responding to section entitled "Damage to G.A.M.E.  Caused by Matrix's Tortuous [sic: tortious] Interference"**

68.  Defendants admit that Defendant Matrix's initial letters to Plaintiff's customers Sears and Tractor Supply and its printer New Buffalo were sent by Defendant Matrix prior to any notification to Plaintiff directly to cease and desist infringement.  Defendant Matrix maintains that its first communication to Morty Klein in early December of 2011 was in fact a communication to Plaintiff. Defendants deny all remaining allegations of  ¶68 of the Complaint not specifically admitted herein.

69.  Defendants deny the allegations of ¶69 of the Complaint.

70.  Defendants admit that on December 6, 2011 Plaintiff's counsel  sent Defendant Matrix the letter referenced in ¶70 of the Complaint as Exhibit 28 to the

16

Complaint, and that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶70 of the Complaint.

71.   Defendants admit that on December 13, 2011 Defendant Matrix sent Plaintiff's counsel the letter referenced as in ¶71 of the Complaint as Exhibit 29 to the Complaint, and that Defendant Matrix made the statements set forth in the letter and omitted anything not stated and/or not annexed thereto.  Defendants deny the remaining allegations set forth in ¶71 of the Complaint.

72.   Defendants admit that Defendant sent follow-up letters to Sears, Tractor Supply, and New Buffalo.  Defendant admits that Sears sent Plaintiff the letter referenced as Exhibit 30 to the Complaint.   Defendants deny the remaining allegations set forth in ¶72 of the Complaint.

73.   Defendants admit that Tractor Supply sent Plaintiff the letter that is partially reproduced as Exhibit 31 to the Complaint.   Defendants deny the remaining allegations set forth in ¶73 of the Complaint.

74.   Defendants admit that on February 13, 2012, after Defendant Matrix instituted a federal copyright infringement suit against New Buffalo, New Buffalo sent Plaintiff a letter/agreement, and that a mutually executed copy of the letter/agreement is reproduced as Exhibit 32 to the Complaint.  Defendants deny the remaining allegations set forth in ¶74 of the Complaint.

75.  Defendants deny the allegations of ¶75 of the Complaint.

**In response to Allegations headed "Second (sic: "Third") Claim for Relief"**
**"Tortuous (sic: Tortious) Interference"**

76.    Defendants hereby incorporate each and every response to the allegations of ¶¶1 - 75 of the Complaint as if fully set forth herein.

77 - 84.  Defendants deny the allegations of ¶77 - 84 of the Complaint.

## Affirmative Defenses

The Answering Defendants, by way of affirmatively defending against the claims alleged in the Complaint, further say:

## Affirmative Defense I

## Failure to State a Claim

85.    Plaintiff's detailed Complaint fails to allege a single specific communication, act, or any factual basis supporting a claim for relief against Defendant Dina Johannemann, and thus fails to state a claim against her.

86.    Plaintiff's detailed Complaint fails to allege a single specific communication, act, or any factual basis supporting a claim for relief against Defendant Anthony Prisco in his individual capacity, as opposed to actions expressly taken on behalf of Defendant Matrix as an officer thereof and within normal duties to Defendant Matrix, and thus fails to state a claim against him.

87.  To the extent that Plaintiff's Complaint is construed to allege that the imposition of indemnification requests by customers and suppliers for Plaintiff has damaged Plaintiff,  Plaintiff fails to state a claim for damages against Defendants because such indemnification arises under the UCC, common law, and the executed contracts between Plaintiff and its customers/suppliers independent of express customer or supplier requests, not as a result of Defendants' activities.

88. Plaintiff's assertion of absence of copyright registrations owned by Defendant Matrix as establishing that Matrix had no copyrights to support its copyright infringement assertions fails to state or support a claim, in that under current Federal Law copyright subsists from the time of creation and without regard to whether a copyright registration is sought, 17 U.S.C. §302(a).

89.  The Complaint fails to claim the specific type of "malice" on the part of Defendants required to support the pleaded conclusions of tortious interference. Plaintiff fails to plead the requisite elements of said claim, and therefore fails to state a claim of tortious interference upon which relief may be granted.

## Qualified Privilege

90.  Defendants are not liable to Plaintiff for tortious interference because all statements made by Defendant Matrix alleging copyright infringement were true, or were believed to be true.  Defendant Matrix has a qualified privilege to make the statements it has made to vendors and suppliers of Plaintiff who sell, print, or

distribute goods which infringe the copyrights owned by Defendant Matrix. Matrix and said vendors and suppliers have a common interest in curtailing illegal infringement of the Matrix copyrights, and the curtailment of sale to individuals of infringing merchandise serves the public interest.

### Immunity – Noerr-Pennington

91. Defendants are not liable to Plaintiff for tortious interference because Defendant Matrix threats of suit were made in a good faith attempt to settle the suits prior to litigation.  In the cases of the Sears, Tractor Supply, and New Buffalo the suits were later filed and are not frivolous.  In the case of DMG, no threat has been made to DMG.  Defendant Matrix is therefore immune to liability because it was engaging in exercise of communications ancillary to its constitutional right of petition under the *Noerr-Pennington* doctrine.

### Failure to mitigate damages

92. Plaintiff has failed to mitigate its damages by

a. Failing to properly manage its artists, and knowingly enabling its artists previously employed by GI Apparel, Inc. with access to, memory of, and in unlawful possession of, original artwork of GI Apparel, Inc. in the form of digital art files and separation files,

b. Failing to own up to it's infringing activities, i.e. failing to immediately offer to take back infringing goods in the hands of its customers/suppliers and offer non-infringing replacement goods,

c. Failing for over four solid months to offer any credible lawful explanation for producing and selling any of the designs thus far accused of infringing Matrix's copyrights, and

d. Equivocating with its customers and suppliers by tendering an untrue and spurious tale suggesting that goods which Defendant Matrix claimed to be infringing were leftover inventory from DMG from 3 ½ years ago.

### In pari delicto

93.  Even if Plaintiff were to establish the Defendant Matrix did not own the copyrighted artwork of GI Apparel, Inc. which Plaintiff has copied, Plaintiff knew that Plaintiff itself did not own such artwork and that Plaintiff was infringing the rights of someone.  Having illegally copied the artwork of another, Plaintiff is estopped from claiming damage for exposure of its illegal activities.

### Counterclaim

Defendant Matrix Sales Group LLC ("Matrix"), in counterclaiming against Plaintiff and against additional parties on the counterclaim named below, alleges and says:

## Additional Defendants on the Counterclaim

94. John M. Wortley is an individual residing at 18 Rachel Court, Matawan, New Jersey 07747.   Mr. Worley was an executive employee of GI Apparel, Inc. from June 12, 2006 until March of 2008, and in that capacity was familiar with GI Apparel's artwork.  Mr. Wortley is a managing member of Plaintiff, and a person Plaintiff claims to have "created" certain artwork for Plaintiff referred to in ¶33 of Plaintiff's Complaint,

95.  Kimberley A. Nelson is an individual residing at 125 Twin Brooks Ave., Middletown, New Jersey 07748.  Ms. Nelson was an executive employee of GI Apparel, Inc. from August 8, 2005 until March of 2008, and in that capacity was familiar with and had full access to GI Apparel's artwork.  Ms. Nelson is a managing member of Plaintiff.

96.  Philip Dangel is an individual residing at 725 Andover Blvd., Knoxville, Tennessee, 37934.  Mr. Dangel was an sales employee of GI Apparel, Inc. from August 27, 2007 until March of 2008, and was a sales representative for GI Apparel during a prior period, and in those capacities was familiar with GI Apparel's artwork and in possession of copies of said artwork.  Mr. Dangel is a managing member of Plaintiff.

97. Brett E. Grossmann is an individual residing at 25 Spear St., Metuchen, N.J. 08840.  Mr. Grossmann was an employee artist of GI Apparel, Inc. from April

12, 2006 until March of 2008, and in that capacity was familiar with GI Apparel's artwork and had full access to said artwork. Mr. Grossmann is a person Plaintiff claims to have "created" certain artwork for Plaintiff in ¶33 of Plaintiff's Complaint.

98. Christopher W, Bennett is an individual residing at 11 Beam Ave., Jackson, N.J. 08527. Mr. Bennett was an employee artist of GI Apparel, Inc. from January 4, 2005 until March of 2008, and in that capacity was familiar with GI Apparel's artwork and had full access to said artwork. Mr. Bennett is a person Plaintiff claims to have "created" certain artwork for Plaintiff in ¶33 of Plaintiff's Complaint.

99. Christopher Raimo is an individual residing at 6 Georgetown Lane, Hazlet, N.J. 07730. Mr. Raimo was an employee artist of GI Apparel, Inc. from September 10, 2007 until March of 2008, and in that capacity was familiar with GI Apparel's artwork and had full access to said artwrok. Mr. Raimo is a person Plaintiff claims to have "created" certain artwork for Plaintiff in ¶33 of Plaintiff's Complaint.

100. Joinder of the individual Defendants on the Counterclaim is proper under F.R.Civ.P. 13(h) & 20 in that the Counterclaim asserts a right to relief arising out of the same series of transactions or occurrences, namely the participation of a collection of former GI Apparel, Inc. employees in the formation,

23

operation and intentional infringing conduct of the Plaintiff, and because questions of law or fact supporting Plaintiff's declaratory judgment claim will arise common to all defendants to the Counterclaim, namely the access of the parties to GI Apparel, Inc. artwork and the substantial similarity of that artwork to works "created" by those parties for the benefit of the Plaintiff.

## Subject Matter Jurisdiction

101.  This Counterclaim asserts claims for copyright infringement under the Federal Copyright Act, 17 U.S.C. §101 *et seq.*     Exclusive Original Jurisdiction over the subject matter of the suit is vested in the United States District Court pursuant to 28 U.S.C. 1338(a).

## Venue

102.  Venue over the dispute is vested in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391(b)(1) as the judicial district in which all the defendants "reside" within the meaning of  28U.S.C.  §1391(c); 28 U.S.C. §1391(b)(2) as a district in which a substantial part of the events or omissions giving rise to the claim occurred, and in which a substantial part of the property that is the subject of the action is situated;  and 28 U.S.C. §1400(a) as a district in which Defendants or their agents may be found in an action under the copyright laws.

## In Personam Jurisdiction

103. Jurisdiction over the persons of Plaintiff, John M. Wortley, Kimberly A. Nelson, Brett E. Grossmann, Christopher W. Bennett and Christopher Raimo is vested in this court by virtue of their residence in the district.  Jurisdiction over the person of Philip Dangel is vested in this court by virtue of :

(a)  his status as a founding member/partner of Plaintiff,  a New Jersey LLC located in New Jersey, and participation in forming a staff  for Plaintiff (Complaint ¶14), comprising artists who were artists formerly employed by GI Apparel, Inc. ;

(b) his status as a former employee of GI Apparel, Inc. (Complaint ¶13) knowledgeable of GI Apparel, Inc. artwork; and

(c) upon information and belief, he is a managing member/partner of the Plaintiff who has directed, caused,  actively induced,  contributed to, and encouraged  Plaintiff's  commission  of  acts  of  copyright  infringement  in  New Jersey, and to the detriment of Defendant Matrix, a New Jersey resident.

## Allegations Common to all Counts

104.  From 1993 until March of 2008 a New Jersey corporation last known as GI Apparel, Inc. authored and acquired thousands of original artistic designs suitable for screen-printing on tee shirts and other garments.  On or about March 2008, GI Apparel, Inc. ceased operations and its assets were liquidated by its secured creditor CIT Group/Commercial Services, Inc.

25

105.   Matrix purchased all artwork and rights, including copyrights, in all of GI Apparel, Inc.'s artistic designs, and all media in which the artistic designs were stored.

106.   In common industry practice, an artistic design is associated with a title when shown in advertising material or in catalogs that offer tee shirts or other garments imprinted with the design.  In some instances the title reflects text that forms an artistic component of the design.  In other instances, a design may have no text component and the title may be descriptive or arbitrary.

107.   The artistic designs of GI Apparel, Inc. acquired by Matrix include the following, which are listed by the title used by GI Apparel, Inc. and an identifying number issued by the Copyright Office of the Library of Congress to identify applications for copyright registrations that Matrix has filed for each respective artistic design.  The table also includes Certificate Numbers issued by the Library of Congress in those cases where Certificates have already issued and are known to Matrix as of filing date of this Complaint:

| Title | Application | Certificate |
| --- | --- | --- |
| ALL STAR CAST | 1-743604251 | |
| AMERICAN HUNTER | 1-731563944 | VA0001803590 |
| AMERICAN MADE MOTORCYCLE | 1-743338653 | |
| AMERICAN PRAYER | 1-751317042 | |
| AMERICAN TOUGH | 1-742908058 | |
| AMERICANA FLAG DISTRESS | 1-731564090 | VA0001803590 |
| AT 1776 FLAG | 1-743827184 | |

| | | |
|---|---|---|
| AT DEER PRIDE | 1-719065582 | VA0001804023 |
| AT PRIDE EAGLE | 1-719278367 | VA0001804005 |
| AT PRIDE GUITAR | 1-743827058 | |
| AT PRIDE PICKUP TRUCK | 1-719065618 | VA0001803963 |
| AT TRAINING CAMP FOOTBALL | 1-718834441 | VA0001804029 |
| BASS WAY OF LIFE | 1-744929052 | |
| BLISS BUTTERFLIES | 1-751316897 | |
| BORN ON A FARM | 1-717935561 | VA0001804297 |
| CHOICES BEER BOTTLE ROWS | 1-744929122 | |
| CHOICES BEER BOTTLES | 1-744929087 | |
| CLASSIC BASEBALL FLAG | 1-743634627 | |
| CLASSIC HOT RODS | 1-731563833 | VA0001803592 |
| CLASSIC PICKUP FLAG | 1-731563798 | VA0001803594 |
| CLOVER BASS | 1-719936417 | VA0001803993 |
| COWBOY UP FLAG SKULL | 1-718851111 | VA0001804060 |
| EAGLE FLAG | 1-718296891 | VA0001804294 |
| EAGLES ATHLETICS | 1-743827128 | |
| FIELD OF DREAMS | 1-719065537 | VA0001804026 |
| FLAG AND WHEEL | 1-743826951 | |
| FREEDOM EAGLE | 1-718277261 | VA0001804070 |
| GOD BLESS DAISY FLAG | 1-744643631 | |
| GOOD DOG | 1-751316897 | |
| GOOD OLE BOYS HIDEOUT | 1-719065491 | VA0001804050 |
| GUITAR PAINTED WALL | 1-743827128 | |
| GUITAR RIBBON | 1-743827220 | |
| HAPPENS BARN | 1-716888451 | VA0001804073 |
| HORSE STRIPE | 1-719278463 | |
| I LIKE BIG BUCKS | 1-731563621 | VA0001803597 |
| ICON FLAG | 1-731820914 | VA0001803586 |
| ICON FLAG BASEBALL | 1-743634531 | |
| LEGEND MOTORCYCLE | 1-742908123 | |
| LIFE BEGINS BASKETBALL | 1-718819801 | VA0001804058 |
| LIFE BEGINS FISHING | 1-731564175 | |

| | | |
|---|---|---|
| LIFE BEGINS FOOTBALL | 1-718809534 | VA0001804065 |
| LIFESTYLE PICKUP | 1-743826987 | |
| N AMERICAN ANGLER | 1-743338743 | |
| N AMERICAN FRESHWATER | 1-743338806 | |
| OFF THE RACK | 1-743628261 | |
| OFF THE RACK OUTFITTERS | 1-731563667 | VA0001803596 |
| PICK UP FLAG | 1-743628261 | |
| PICK UP LIGHTNING | 1-743338698 | |
| PINATA | 1-718350916 | |
| PROTECT AS THEY PROTECT | 1-743604287 | |
| QC OUTFITTERS | 1-743827255 | |
| QC REDFISH TOURNAMENT | 1-744929017 | |
| SALMON WAY OF LIFE | 1-742907758 | |
| SHOT GUN HERITAGE | 1-718294131 | VA0001804064 |
| SJ DEEP NORTH | 1-718887681 | VA0001804051 |
| SPORTS FISHING | 1-731820628 | VA0001803587 |
| TEN POINT BUCK BODY | 1-718318811 | VA0001804293 |
| TOUGH ENOUGH | 1-731820521 | VA0001803588 |
| USA BORN FREE LIVE FREE | 1-742907953 | |
| USA FREEDOM | 1-731563944 | VA0001803591 |
| WALK WITH GOD | 1-710214161 | VA0001799253 |
| WALLEYE WAY OF LIFE | 1-744928981 | |
| WE THE PEOPLE 2 | 1-719278321 | |
| WHAT HAPPENS DEER CAMP | 1-731563762 | VA0001803595 |
| WHITETAIL USA | 1-743827023 | |
| WIFE FOR TRACTOR | 1-719936361 | |

108.   All of the particular designs listed in ¶107 of this Complaint were authored and published in the United States between December 1995 and February of 2008.

28

109. Matrix is the owner of all applications and certificates referred to in ¶107 of this Complaint, and has complied with all applicable requirements of the federal copyright statutes and the regulations of the Copyright Office of the Library of Congress in registering the artistic works listed in ¶107.  In each case the Copyright Office has received from Matrix the application, the filing fee, and the "deposit" (copy of the artistic work), and has assigned the application number above.

## Counterclaim I – Direct copyright infringement

110.   Within the three years immediately preceding the filing of this Counterclaim, Plaintiff G.A.M.E. has infringed the exclusive rights of Matrix under 17 U.S.C. $106(a),(b) & (c) by reproducing Matrix's copyrighted artwork on garments, preparing derivative works based upon the copyrighted works (including those listed by Plaintiff G.A.M.E. in  ¶33 of the Complaint), and distributing the copies through sales of garments bearing the copies to retailers, pursuant to 17 U.S.C. §501(a)

111.  Plaintiff G.A.M.E. has profited from its infringement specified in the foregoing paragraph.

112.   Upon information and belief, within the three years immediately preceding the filing of this Counterclaim, John M. Wortley, Brett E. Grossman, Christopher W. Bennet, and Christoper Raimo have infringed the exclusive rights

of Matrix under 17 U.S.C. $106(a),(b) by reproducing Matrix's copyrighted artwork onto art files to be used to create further copies of Matrix's copyrighted artwork, and by preparing derivative works based upon the copyrighted works (including those listed by Plaintiff G.A.M.E. in  ¶33 of the Complaint) for the same purpose, pursuant to 17 U.S.C. §501(a).

113. John M. Wortley, Brett E. Grossman, Christopher W. Bennet, and Christoper Raimo. have profited from their infringement specified in the foregoing paragraph.

## Counterclaim II – Contributory copyright infringement

114. Upon information and belief, John M. Wortley, Kimbery A. Nelson, and Philip A. Dangel have knowingly directed, caused,  actively induced, contributed to, and encouraged Plaintiff G.A.M.E.'s commission of acts of copyright infringement as specified in ¶110 of the Counterclaim, with full knowledge that the products they were directing to be produced for G.A.M.E. bore infringing copies of GI Artwork.

115. Defendants on the Counterclaim John M. Wortley, Kimbery A. Nelson, and Philip A. Dangel have contributorily infringed Matrix's exclusive rights and are liable to Matrix to the extent they have profited thereby from the activities of Plaintiff G.A.M.E.

## Counterclaim III – Vicarious copyright infringement

115. Upon information and belief,   John M. Wortley, Kimbery A. Nelson, and Philip A. Dangel have profited from the infringing conduct of Plaintiff G.A.M.E. as specified in ¶110 of the Counterclaim, in the way of receiving compensation in the form of salary, bonus, benefits, and/or dividends, or a combination thereof, from revenues realized by Plaintiff G.A.M.E. through sales of products that infringe the copyrights of Matrix.

116. John M. Wortley, Kimbery A. Nelson, and Philip A. Dangel are liable to Matrix for a percentage of the compensation they received from Plaintiff G.A.M.E. corresponding to the percentage of Plaintiff G.A.M.E.'s revenues attributable to sales of goods bearing infringing copies of Matrix's copyrighted artwork.

## Counterclaim IV – Individual Liability for company acts

117. Upon information and belief, John M. Wortley, Kimbery A. Nelson, and Philip A. Dangel, as managing members of Plaintiff,  have knowingly directed, caused,  actively induced,  contributed to, and encouraged Plaintiff G.A.M.E.'s commission of acts of copyright infringement as specified in ¶110 of the Counterclaim, with full knowledge that the products they were directing to be produced for G.A.M.E. bore infringing copies of GI Artwork.

31

118. Defendants on the Counterclaim John M. Wortley, Kimbery A. Nelson, and Philip A. Dangel are jointly and severally liable to Matrix for any profits realized by Plaintiff G.A.M.E. from its infringing conduct.

## Ad Damnum

Wherefore, Defendants pray for an order:

A. Dismissing the complaint with prejudice,

B. Awarding to Matrix a judgment for profits that Plaintiff has made from its infringement of Matrix's copyrights, pursuant to 17 U.S.C. §504(a)(1), 17 U.S.C. §504(b), and Fed.R.Civ.P. 54, said judgment be be against Plaintiff G.A.M.E., John M. Wortley, Kimbery A. Nelson, and Philip A. Dangel jointly and severally;

C. Awarding to Matrix a judgment for profits individually made by John M. Wortley, Kimbery A. Nelson, Philip Dangel, Brett E. Grossmann, Christopher W. Bennett, and Christopher Raimo from direct, contributory, or vicarious infringement of Matrix's copyrights, pursuant to 17 U.S.C. §502(a), Fed.R.Civ.P. 65(d), and the equitable powers of this Court;

D. Enjoining Plaintiff G.A.M.E., John M. Wortley, Kimbery A. Nelson, and Philip A. Dangel, Brett E. Grossmann, Christopher W. Bennett, and Christopher Raimo from infringing Matrix's copyrights, pursuant to 17 U.S.C. §502(a), Fed.R.Civ.P. 65(d), and the equitable powers of this Court;

32

E.     Impounding all garments bearing infringing copies of Matrix's copyrighted works in the possession or control of Plaintiff G.A.M.E.,  John M. Wortley, Kimbery A. Nelson, Philip Dangel,  Brett E. Grossmann, Christopher W. Bennett, and Christopher Raimo pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all garments bearing infringing copies, pursuant to 17 U.S.C. §503(b);

F. Awarding to Defendant Matrix full costs of suit pursuant to 17 U.S.C. §505, and Fed.R.Civ.P.  54(d)(1); and

G.  Providing for such other and further relief as this Court deems just.

Respectfully submitted,

Defendants Anthony S. Prisco, Dina Johannemann,  and Matrix Sales Group LLC

By:   s/   Jeffrey L. Miller       Date: April 12, 2012

Jeffrey L. Miller
2211 Allenwood Road
Wall, New Jersey 07719
Phone: 732-915-3524    Email: millerj@optonline.net
Attorney for Defendants Anthony S. Prisco, Dina Johannemann,  and Matrix Sales Group LLC

### Arbitration Statement
### Certifications Under Local Rule 201.1(d)

Defendant Matrix's counsel certifies that the within Counterclaim is based on an alleged violation of a right secured by the Constitution of the United States, namely the rights secured to authors under Article I, Section 8, Clause 8 as implemented by the federal copyright statutes, and is therefore excluded from arbitration under Local Rules 201.1(d)(2)(A).

33

Counsel also certifies that the amount of money damages recoverable in this case exceeds the sum of $150,000 exclusive of interest and costs and any claim for punitive damages, and that the case is not subject to arbitration under Local Rule 201.1(d)(1).

Counsel also certifies that the complaint seeks injunctive relief, statutory impoundment of goods, and statutory destruction of goods bearing infringing copies of artwork, which relief is not generally subject to arbitration.

By: s/  Jeffrey L. Miller    Date: April 12, 2012
Jeffrey L. Miller, Attorney for Defendant Matrix Sales Group LLC, Anthony S. Prisco, and Dina Johannemann

## Related Cases Statement
## Certifications Under Local Rule 11.1

The matter in controversy is the subject two other actions pending in this court to the following extent:

1. Plaintiff has sued two parties (not party to this suit) of infringing several copyrights of Plaintiff, which include some of the copyrights referred to in paragraph 9 of this Complaint, in Matrix Sales Group LLC vs. New Buffalo Shirt Factory, Inc. *et al.*, Docket Number 3:12-cv-682.

2. Plaintiff has sued two parties (not party to this suit) of infringing several copyrights of Plaintiff, which include some of the copyrights referred to in paragraph 9 of this Complaint, in Matrix Sales Group LLC vs. New Buffalo Shirt Factory, Inc. *et al.*, Docket Number 3:12-cv-682.

G.A.M.E. Apparel, LLC also has a civil action against Plaintiff pending in the New Jersey Superior Court, captioned G.A.M.E. Apparel, Inc. v. Anthony Prisco *et al.*, Docket No. MID-C-14-12.  The action has claims similar to those in the later filed suit by G.A.M.E. mentioned in the foregoing paragraph.

Other than the above identified matters, the matter in controversy is not the subject of any other action pending in any court, or of  any pending arbitration or administrative proceeding,

By: s/  Jeffrey L. Miller    Date: April 12, 2012
Jeffrey L. Miller, Attorney for Defendant Matrix Sales Group LLC, Anthony S. Prisco, and Dina Johannemann

**Disclosure Statement**
**Certifications Under F.R.Civ.P.7.1**

I certify that the party Defendant Matrix Sales Group LLC is a non-governmental limited liability company, and that no corporation or other limited liability company owns any interest in Matrix Sales Group LLC.

By: s/  Jeffrey L. Miller       Date: April 12, 2012
Jeffrey L. Miller, Attorney for Defendant Matrix Sales Group LLC


**Certificate of Service**
**Certifications Under F.R.Civ.P.5(d) and Local Rule 5.2(14)(b)(1).1**

I certifiy that on April 12, 2012 I caused a true and correct copy of the attached pleading to be filed and served via the CM/ECF system the Clerk of the United States District Court, District of New Jerssey.

By: s/  Jeffrey L. Miller       Date: April 12, 2012
Jeffrey L. Miller, Attorney for Defendants Matrix Sales Group LLC, Anthony S. Prisco, and Dina Johannemann