NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| G.A.M.E. APPAREL, LLC, | |
| Plaintiff, | |
| v. | |
| ANTHONY S. PRISCO, DINA JOHANNEMANN, MATRIX SALES GROUP LLC, JOHN DOE 1-10; and XYZ CORP. 1-10, | Civ. No. 12-01339 |
| Defendants, | OPINION |
| v. | |
| MATRIX SALES GROUP LLC, | |
| Third Party Plaintiff, | |
| v. | |
| JOHN M. WORTLEY, KIMBERLEY A. NELSON, PHILIP DANGEL, BRETT E. GROSSMANN, CHRISTOPHER RAIMO, and CHRISTOPHER BENNETT, | |
| Third Party Defendants. | |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court upon the Motion to Dismiss filed by Third Party Defendants John M. Wortley, Kimberley A. Nelson, Philip Dangel, and Brett E. Grossmann [Docket Entry No. 20] and the Motion to Dismiss filed by Third Party Defendant Christopher

1

Bennett [Docket Entry No. 25].[1]  Third Party Plaintiff Matrix Sales Group LLC opposes both motions [Docket Entry Nos. 29, 30].  The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Fed. R. Civ. P. 78(b).  For the reasons given below, Third Party Defendants' motions to dismiss are granted.

## II.  BACKGROUND

This case concerns the intellectual property rights of two companies, G.A.M.E. Apparel, LLC ("G.A.M.E.") and Matrix Sales Group LLC ("Matrix").  G.A.M.E. and Matrix both assert ownership rights over the purported copyrights at issue in this dispute.  G.A.M.E. seeks (1) a declaratory judgment regarding the rights and obligations of G.A.M.E. and Matrix with regards to the purported copyrights; and (2) damages for tortious interference by Matrix in various business contracts of G.A.M.E.  In response, Matrix seeks to recover damages from G.A.M.E. and its employees for copyright infringement and to enjoin further infringement.  For the purposes of the pending motion, the Court considers as true all of Third Party Plaintiff's well-pleaded factual allegations.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Matrix purchased all "artwork and rights, including copyrights," in the artistic designs of another company, G.I. Apparel ("GIA"), in March 2008 during the liquidation of GIA's assets.  (Answer and Countercl., Docket Entry No. 7, at 25-26).  Matrix claims that, within the past three years, G.A.M.E. and four of its design employees, Wortley, Grossmann, Bennett, and Raimo, infringed those copyrights by reproducing the copyrighted artwork on garments, preparing

---

[1] Matrix Sales Group LLC filed its claims against John M. Wortley, Kimberley A. Nelson, Philip Dangel, Brett E. Grossmann, Christopher Raimo and Christopher W. Bennett as "counterclaims." (Answer, Docket Entry No. 54).  Claims against new parties are properly brought, however, as third party claims.  *See* Fed. R. Civ. P. 13, 14.  Therefore, the Court refers to the claims against Wortley, Nelson, Dangel, Grossmann, Raimo, and Bennett as third party claims.  The parties are instructed to comply with the Federal Rules of Civil Procedure in all future filings.

2

derivative artwork based on the copyrighted material, and distributing copies of that artwork. (Answer and Countercl., Docket Entry No. 7, at 22-23, 29-30). Matrix also claims that three of G.A.M.E.'s executive employees, Wortley, Nelson, and Dangel, contributed to those acts of copyright infringement allegedly committed by G.A.M.E. and its design employees. (Answer and Countercl., Docket Entry No. 7, at 22, 30-32).

On March 2, 2012, G.A.M.E. filed the instant suit seeking declaratory judgment of non-infringement and damages for tortious interference in the business contracts between G.A.M.E. and various vendors and suppliers. (Compl., Docket Entry No. 1). Matrix filed an answer and a copyright infringement claim against G.A.M.E. on April 12, 2012. (Answer and Countercl., Docket Entry No. 7, at 29). Matrix also filed copyright infringement claims against new parties Wortley, Nelson, Dangel, Grossmann, Bennett, and Raimo. (Answer and Countercl., Docket Entry No. 7, at 21-32).

On July 20, 2012, Third Party Defendants Dangel, Grossmann, Nelson, and Wortley moved to dismiss all copyright infringement claims against them for (1) failure to state a claim under Rule 12(b)(6); (2) lack of personal jurisdiction over Dangel under Rule 12(b)(2); and (3) improper filing of the claims as counterclaims under Rule 13. (Mot. to Dismiss Countercl., Docket Entry No. 20). On August 13, 2012, Third Party Defendant Bennett also filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. (Mot. to Dismiss Defs.' Countercl., Docket Entry No. 25). For the reasons set forth below, Third Party Defendants' Rule 12(b)(6) motions to dismiss are granted.[2]

### III. ANALYSIS

---

[2] As all claims against Third Party Defendants Dangel, Grossmann, Nelson, Wortley, and Bennett are dismissed under Rule 12(b)(6), the Court does not decide whether dismissal would also be proper for lack of personal jurisdiction over Dangel or improper filing of the claims as counterclaims. These issues are not deemed to be waived and may be raised in future filings.

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Iqbal*, 556 U.S. at 675). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id*. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id*. "A complaint has to 'show' such an entitlement with its facts." *Id*. A claim is only plausible if the facts pleaded allow a court to reasonably infer that the defendant is liable for the misconduct alleged. *Id*. at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. Id. at 211 (quoting *Iqbal*, 556 U.S. at 679).

Here, Matrix asserts four theories of liability for copyright infringement: direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, and individual liability for company acts of copyright infringement.  Each of these theories of liability requires the complainant to adequately plead an act of copyright infringement.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002); *Parker v. Google, Inc.*, 242 Fed.Appx. 833, 837 (3d Cir. 2007).  To plead an act of copyright infringement, a plaintiff must provide sufficient facts to show: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."  *Dun & Bradstreet Software Servs. Inc.*, 307 F.3d at 206.

Accepting Third Party Plaintiff Matrix's factual allegations as true and construing the third party complaint in the light most favorable to Matrix, the facts alleged are insufficient to show that G.A.M.E. or its design employees infringed Matrix's copyrights.  First, Matrix's pleading contains conclusory allegations which the Court must disregard.  For example, Matrix asserts that G.A.M.E., Wortley, Grossmann, Bennett, and Raimo "infringed the exclusive rights of Matrix … by reproducing Matrix's copyrighted artwork on garments, preparing derivative works based upon the copyrighted works … and distributing the copies through sales of garments bearing the copies to retailers…." (Answer and Countercl., Docket Entry No. 7, at 29-30).  As these statements contain legal conclusions rather than factual statements, the Court disregards these statements for the purposes of this motion.

Furthermore, Matrix provides few facts to support these conclusory allegations.  For example, Matrix provides a list of designs that it purports to have purchased from GIA; however, it provides no information about G.A.M.E. or any actions undertaken by G.A.M.E. at all.

(Answer and Countercl., Docket Entry No. 7, at 25-29). Similarly, Matrix provides no facts regarding the actions taken by Wortley, Grossmann, and Bennett that would constitute copyright infringement, nor does it specify which designs each of these Third Party Defendants allegedly infringed. Without more, these facts fail to show a plausible copyright infringement claim, and Matrix's allegations constitute mere unadorned, the-defendant-unlawfully-harmed-me accusations.

Therefore, since Matrix's pleading is insufficient to support a claim of copyright infringement and each theory of liability asserted by Matrix requires proof of an underlying act of copyright infringement, each of Matrix's third party claims against Wortley, Nelson, Dangel, Grossmann, and Bennett is dismissed without prejudice. The Court will provide Matrix with an opportunity to amend its pleading within 10 days.

## IV. CONCLUSION

For the foregoing reasons, the Third Party Defendants' motions to dismiss are granted and Third Party Plaintiff's claims against Wortley, Nelson, Dangel, Grossmann, and Bennett are dismissed. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: October 1, 2012

6